# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                              Plaintiff,<br>vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, UNITED STATES,<br><br>                            Defendants. | CASE NO. 07CV1232 WQH (NLS)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY COURT |

HAYES, Judge:

    Pending before the court is Plaintiff's motion to withdraw the reference of the United States Bankruptcy Court for the Southern District of California. (District Court Case No. 07cv1232, Doc. # 1) (Bankruptcy Court Case No. 06-90127, Docs. # 123, 144). On August 17, 2007, the parties appeared for oral argument before the Honorable William Q. Hayes, United States District Judge.

## BACKGROUND

    On February 8, 2006, Plaintiff Paul Hupp initiated an adversarial proceeding in the United States Bankruptcy Court to discharge his student loan debt. (Bankruptcy Case No. 06-90127, Doc. # 1). On July 24, 2006, the Bankruptcy Court substituted Defendant Educational Credit Management Corporation as the real party in interest. (Bankruptcy Case No. 06-90127, Doc. # 23).

    On October 18, 2006, Plaintiff filed a notice of his intent to argue that 11 U.S.C. §

523(a)(8) was unconstitutional as applied to Plaintiff. (Bankruptcy Case No. 06-90127, Doc. # 44). On December 14, 2006, certification that the constitutionality of an Act of Congress affecting the public interest had been drawn into question was provided to the Attorney General of the United States pursuant to 28 U.S.C. § 2403(a). (Bankruptcy Case No. 06-90127, Doc. # 64). On April 17, 2007, the United States of America moved to intervene pursuant to 28 U.S.C. § 2403(a). (Bankruptcy Case No. 06-90127, Doc. # 110). On April 24, 2007, the Bankruptcy Court granted the motion to intervene. (Bankruptcy Case No. 06-90127, Doc. # 112).

On November 27, 2006, Plaintiff moved for summary judgment in the Bankruptcy Court. (Bankruptcy Case No. 06-90127, Doc. # 49). On April 27, 2007, Educational Credit Management Corp. filed its opposition to Plaintiff's motion for summary judgment. (Bankruptcy Case No. 06-90127, Doc. # 115). On May 11, 2007, Plaintiff filed a reply in support of summary judgment. (Bankruptcy Case No. 06-90127, Doc. # 120). The Bankruptcy Court calendared Plaintiff's motion for summary judgment for hearing and oral argument on June 22, 2007. (Bankruptcy Case No. 06-90127, Doc. # 124).

On May 18, 2007, Plaintiff moved to withdraw the reference of the Bankruptcy Court. (Bankruptcy Case No. 06-90127, Docs. # 123, 144). On May 30, 2007, Defendants Educational Credit Management Corp. and the United States filed oppositions to Plaintiff's motion to withdraw the reference. (Bankruptcy Case No. 06-90127, Docs. # 129, 130, 146). On July 3, 2007, the Bankruptcy Court transmitted the motion to withdraw the reference to the United States District Court for the Southern District of California. (Bankruptcy Case No. 06-90127, Doc. # 145) (District Court Case No. 07cv1232, Doc. # 1).

**STANDARD OF REVIEW**

28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence of 28 U.S.C. § 157(d) provides a district court with permissive authority to withdraw the reference of a bankruptcy court on timely motion of any party and for cause shown.

*Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "In determining whether cause exists [for permissive withdrawal], a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.* The second sentence of 28 U.S.C. § 157(d) requires a district court to withdraw the reference of a bankruptcy court upon timely motion from any party where "the [district] court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In determining whether a case satisfies 28 U.S.C. § 157(d)'s mandatory withdrawal provisions, a court should consider whether the case requires "material consideration of non-bankruptcy federal law." *Security Farms*, 124 F.3d at 1008; *see also* 28 U.S.C. § 157(b).

A motion for permissive or mandatory withdrawal under section 157(d) must be timely. 28 U.S.C. § 157(d); *Security Farms*, 124 F.3d at 1007, fn. 3; *Stratton v. Vita Bella Group Homes, Inc.*, No. 07-0584, 2007 U.S. Dist. LEXIS 40562, *6-7 (E.D. Cal. May 24, 2007); *In re First Alliance Mortgage Co.,* 282 B.R. 894, 902 fn. 6 (C.D. Cal. 2001). "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007 fn. 3 (citing *In re Baldwin-United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). "In essence, the courts have established a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as evaluated within the specific factual context presented." *Stratton*, No. 07-0584, 2007 U.S. Dist. LEXIS 40562, *6 (E.D. Cal. May 24, 2007) (citing, *In re Chateaugay Corp.*, 104 B.R. 622, 624 (S.D.N.Y.1989)); *but see In re: TPI International*, 222 B.R. 663, 667 (S.D. Ga. 1998) (finding that a motion to withdraw the reference can be filed at any time).

The burden of establishing the propriety of withdrawing the reference is on the party seeking withdrawal. *FTC v. First Alliance Mortgage Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

## DISCUSSION

Plaintiff moves to withdraw the reference of the Bankruptcy Court on the grounds that his case requires substantial consideration of the United States Constitution. Specifically, Plaintiff

1 challenges the constitutionality of eight federal statutes, and contends that only five percent of his
2 case relates to core bankruptcy matters. Plaintiff contends that United States District Judge Dana
3 Sabraw "<u>expressly stated</u> . . . that Mr. Hupp's case was eligible to be transferred to United States
4 District Court, pursuant to 28 U.S.C. § 157(d)." (Bankruptcy Case No. 06-90127, Doc. # 133 at 2)
5 (emphasis in original).

6 Defendants contend that undue hardship pursuant to 11 U.S.C. § 523(a)(8) is the only
7 relevant issue in this adversary proceeding, and that the constitutional issues raised by Plaintiff at
8 later stages of this proceeding were not alleged in the Complaint. Defendant further contends that
9 Plaintiff's motion to withdraw is untimely because (1) Plaintiff filed the motion more than one
10 year after he filed the Complaint, and (2) there is a fully briefed motion for summary judgment
11 pending in the Bankruptcy Court. Defendants contend that Plaintiff has cited "no new
12 developments and provides no justification for his delay" in filing his motion to withdraw the
13 reference. (Bankruptcy Case No. 06-90127, Doc. # 146 at 2).

**Timeliness**

15 Whenever a party moves to withdraw the reference of a bankruptcy court, the motion must
16 be timely. *Security Farms*, 124 F.3d at 1007-08; *see also* 28 U.S.C. § 157(d). "A motion to
17 withdraw is timely if it was made as promptly as possible in light of the developments in the
18 bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007 fn. 3; *In re Don's Making Money, LLP*,
19 CV 07-319 PHX-MHM, 2007 U.S. Dist. LEXIS 32972, *8 (D. Ariz. May 3, 2007).[1]

20 Plaintiff filed this adversarial proceeding on February 8, 2006, to discharge his student loan
21 debt–a core bankruptcy proceeding under 11 U.S.C. § 157(b)(2)(I). Thereafter, the parties
22 conducted significant discovery which culminated in Plaintiff filing a motion for summary
23 judgment on November 27, 2006. The parties then conducted further discovery, whereupon
24 Plaintiff raised significant constitutional issues and the United States intervened. Nearly one
25 month after the United States intervened, and approximately 15 months after Plaintiff filed the

---

[1] Plaintiff cites *In re: TPI International*, 222 B.R. 663, 667 (S.D. Ga. 1998), for the proposition that a motion to withdraw the reference can be filed at any time. However, the law in the Ninth Circuit is that, "[a] motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *See Security Farms*, 124 F.3d at 1007 fn. 3. With respect to timeliness, the Court finds *In re: TPI International* inapplicable.

1  adversarial Complaint, Plaintiff moved to withdraw the reference of the Bankruptcy Court.
2  Plaintiff's November 27, 2006, motion for summary judgment remains pending in the Bankruptcy
3  Court.

4      Plaintiff contends that his case should be withdrawn to the District Court because of the
5  constitutional issues raised, however, Plaintiff's moving papers do not address Plaintiff's 15 month
6  delay in moving to withdraw the reference.  Plaintiff has not shown or argued that a new
7  development in his case or a recently discovered claim justifies withdrawal at this date, nor has
8  Plaintiff explained the relevance of the constitutional issues given that they were not raised in the
9  Complaint.  The record in the Bankruptcy Court makes clear that Plaintiff chose to litigate this
10 case extensively in the Bankruptcy Court by conducting discovery and filing numerous motions,
11 including the pending and fully briefed motion for summary judgment.

12     Courts have found a motion to withdraw the reference untimely when a significant amount
13 of time has passed since the moving party had notice of the grounds for withdrawing the reference
14 or where withdrawal would have an adverse effect on judicial economy.  *See Laine v. Gross,* 128
15 B.R. 588, 589 (D. Me. 1991) (finding a motion to withdraw the reference untimely when filed over
16 six months after the alleged necessity for withdrawal became apparent); *Connolly v. Bidermann*
17 *Industries U.S.A., Inc.,* No. 05-1791, 1996 WL 325575, *3 (S.D.N.Y. 1996) (finding that an eight
18 month delay rendered a motion to withdraw the reference untimely); *Stratton*, No. 07-0584, 2007
19 U.S. Dist. LEXIS 40562 (E.D. Cal. May 24, 2007) (finding that a 1 year delay rendered a motion
20 to withdraw untimely); *Vieira v. AGM, II, LLC*, 366 B.R. 532, 439-40 (D. S.C. 2007) (finding a
21 motion to withdraw untimely because it came shortly before the date set for trial and the
22 Bankruptcy Court had already expended significant judicial resources).  Here, Plaintiff filed the
23 motion to withdraw approximately 15 months after filing the Complaint in the Bankruptcy Court,
24 and at least 7 months after he first brought the constitutional issues to the Bankruptcy Court's
25 attention.  Based on the filing dates, the docket in Bankruptcy Case No. 06-90127, and the
26 substance of Plaintiff's motion to withdraw, the Court concludes that Plaintiff did not file the
27 motion to withdraw the reference "as promptly as possible in light of the developments in the
28 bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007 fn. 3.  Furthermore, Plaintiff filed a

1  motion for summary judgment in the Bankruptcy Court, which motion is fully briefed and
2  currently stayed in the Bankruptcy Court pending resolution of this motion.  With respect to that
3  motion, this Court finds that the Bankruptcy Court is "more familiar with the facts and issues of
4  the case," and that it would be "an inefficient allocation of judicial resources" if this Court
5  withdrew the reference at this late stage.  *See In re Deborah M. Canter*, 299 F.3d 1150, 1154 (9th
6  Cir. 2002).

7  The Court concludes that Plaintiff's motion to withdraw the reference is untimely.
8  Accordingly, the Court need not determine whether the requested withdrawal of reference would
9  qualify under the permissive or mandatory provisions of 28 U.S.C. § 157(d) if it had been timely
10 filed.

## CONCLUSION

12 Plaintiff's motion to withdraw the reference is DENIED, and this case is hereby remanded
13 back to the Bankruptcy Court.

14 **IT IS SO ORDERED**.

15 DATED:  September 13, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge